**HOFFMAN and HOMISH, Jr., d. b; a. VIDEO SERVICE, Appellants, v. BOWERS, Tax Commissioner, Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 34085. Decided October 10, 1957.

Norman Cohen, Toledo, for appellants.
William Saxbe, Atty. Genl., By Chester H. Hummell, Asst. Atty. Genl., for appellee.

## OPINION

This cause and matter came on to be considered by the board of tax appeals upon a notice of appeal filed herein under date of April 8, 1957, by the appellants above named from a final sales tax assessment order made against them by the tax commissioner under date of March 13, 1957, for the audit period July 1, 1952, to June 30, 1956. The final order of the tax commissioner reads as follows:

"Mr. Bruce Winchester, Attorney, 899 Spitzer Bldg., Toledo, Ohio, George G. Dedes, Accountant and J. B. Hoffman appeared for hearing at the office of the Department of Taxation, Spitzer Bldg., Toledo, Ohio, and stated that their former accountant died in December 1956 and they had no evidence that the assessment is in error.

"Remission of the 15% penalty requested.

"Cancellation of the penalty is denied as vendor did not comply with Rule 126, Department of Taxation.

"Therefore, it is the order of the Tax Commissioner that the assessment stands as issued in the following amount:

| Assessment | Penalty | Total |
|---|---|---|
| (Sales) $2650.40 | $397.56 | $3047.96." |

The cause was submitted to the board of tax appeals upon the notice of appeal, the statutory transcripts supplied by the tax commissioner, and the testimony and evidence presented at a hearing before an attorney examiner of this board in Toledo, Ohio, on August 8, 1957.

Appellants, during the audit period, were engaged in the business of repairing and servicing television sets, in making sales of parts to dealers, and in the sale and installation of television antennas in the Toledo, Ohio, area.

Being unable to make a bracket audit because the books of appellants did not show the taxable sales, together with the tax collected thereon as required by §5739.11 R. C., the tax commissioner proceeded to compute appellants' sales tax liability under the provisions of §5739.13 R. C. (§5546-9a GC), as follows:

| | |
|---|---|
| $215,884.60 | Gross income for audit period. |
| —44,861.83 | Deduct income from sales under 41c per unit, income from parts sold for resale, interstate sales, service on television and radio sets, sale of a truck, etc., as set out on page 40 of the tax commissioner's transcript. |
| $171,022.77 | Receipts subject to tax. |
| .03 | Sales tax rate. |
| $ 5,130.69 | Sales tax due. |
| — 2,480.29 | Deduct for prepaid tax receipts canceled and payments made. |
| $ 2,650.40 | Basic sales tax unpaid. |
| 397.56 | 15% statutory penalty. |
| $ 3,047.96 | Total due State of Ohio. |

There appears to be no dispute as to the correctness of the above figures and the only issue before this board is whether the tax commissioner should have allowed, as an additional deduction from gross income, the sum of $28,755.00, which amount, appellants say, represents income from labor and profit in the installation of television antennas. The appellants say that included in the gross income figure of $215,884.60 is the sum of $38,340.00 received from customers for whom they installed television antennas at an average price of $49.50 for each installation. No sales tax was charged to or paid by the customer in any of these transactions. Appellants estimate that the antenna cost them about $6.50 each and that the other material used in each installation is $6.50, for a total estimated material cost of $13.00 per installation. In the aggregate, the appellants say that the $38,400.00 figure can be broken down as follows:

| | |
|---|---|
| $ 38,340.00 | Total income from television antenna sales and installation. |
| — 9,585.00 | Estimate cost of antennas and materials. |
| $ 28,755.00 | Estimated labor and profit. |

The testimony and evidence disclose that appellants, on the invoice delivered to their television antenna customers, made no breakdown as between cost of materials and the cost of labor, and no sales tax charge was noted thereon. Neither did the records kept by appellants in their office make any such separation. The appellants, therefore, kept no records showing a breakdown of the cost of labor and materials, either of any single installation or those installations made as a whole; and thus the breakdown computed by appellants is merely an estimate.

The sole issue in this case is whether the sales tax should be applied to the full price of television antenna installations made by the appellants or only to the cost of materials used in such instruments.

Sec. 5739.02 R. C., levies an excise tax on retail sales. The basis of the tax is **price.** "Price" is defined by §5739.01 **(H) R. C.,** which statute was amended in an important regard during the audit period. **Sec. 5739.01 (H) R. C.,** as it read prior to September 30, 1955, was as follows, reading only the pertinent portion:

" 'Price' means the aggregate value in money of any thing paid or delivered, or promised to be paid or delivered, by a consumer to a vendor in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense. Price does not include the consideration received for labor or services used in installing, applying, remodeling, or repairing the property sold **if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale.** Price is the amount received exclusive of the tax, provided the vendor establishes to the satisfaction of the tax commissioner that the tax was added to the price." (Emphasis added.)

The same section effective on and after that date reads in pertinent portion:

"'Price' means the aggregate value in money of any thing paid or delivered, or promised to be paid or delivered, by a consumer to a vendor in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense. Price does not include the consideration received for labor or services used in installing, applying, remodeling, or repairing the property sold **if the consideration for such services is separately stated from the consideration received or to be received for the tangible personal property transferred in the retail sale. Such separation must appear in the sales agreement or on the invoice or billing rendered by the vendor to the consumer.** Price is the amount received exclusive of the tax, provided the vendor establishes to the satisfaction of the tax commissioner that the tax was added to the price.'" (Emphasis added.)

These statutory provisions have received judicial notice and interpretation in a number of cases.

In **Wilson v. Glander, 151 Oh St 479 (1949), 39 O. O. 298,** the Supreme Court of Ohio held, reading the syllabus:

"Where a person sells material to another and in connection therewith furnishes labor or service in applying such material to his customer's property, the entire transaction shall be considered a sale and subject to tax, unless there is a clear separation, in the making or billing of a charge therefor, of the material furnished and the labor or service performed."

In **Roberts v. Glander, 156 Oh St 247 (1951), 46 O. O. 118,** the Supreme Court said in its syllabus:

"By virtue of the provisions of §§5546-1 and 5546-3 GC (§§5739.01 and 5739.03 R. C.), a sales tax is determined by the consideration for both services rendered and the materials furnished in an upholstery repair job unless the consideration for services is separately stated from the consideration for materials furnished, and a vendor who separately states such consideration on his books of account available to the Tax Commissioner and **who collects the proper tax from his customer** is entitled to have excepted as a predicate for the sales tax the consideration for services rendered even though he fails to make such separate statement on an invoice delivered to his customer-vendee for such repair job." (Emphasis added.)

At page 251, Hart, J., said:

"It is apparent that the purposes to be served in making the separation of charges are to enable the Tax Commissioner to determine and assess the tax and to enable the vendor to make his return to the state and claim his exception by keeping copies of his invoices or by keeping books of account reflecting the breakdown of the charges."

See, also, the second paragraph of the syllabus in the case of **Cogen v. Glander, 156 Oh St 263 (1951), 46 O. O. 125.**

Upon the undisputed testimony and evidence presented by appellants' witnesses as to the contents of their books and records, it is considered that no useful purpose would be served in ordering a reaudit

in this case. The evidence establishes that there is no breakdown on the books and records of the partnership.

And upon a consideration of the entire case, as presented to this Board, it is considered and ordered that no error is found in the final order of the Tax Commissioner and the same is, therefore, affirmed.